Christopher J. Reichman SBN 250485
Justin Prato SBN 246968
PRATO & REICHMAN, APC
3675 Ruffin Road, Suite 220
San Diego, CA 92123
Telephone: 619-886-0252
chrisr@prato-reichman.com
justinp@prato-reichman.com

Attorneys for Class and Named Plaintiff
PAUL SAPAN

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| PAUL SAPAN, individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>vs.<br><br>LIBERTY BANKERS LIFE INSURANCE COMPANY.<br><br>Defendant. | Case No.:<br><br>**CLASS ACTION COMPLAINT**<br><br>**Violation(s) of Telephone Consumer Protection Act of 1991**<br><br>**Jury Trial Demanded** |

Plaintiff PAUL SAPAN ("Plaintiff"), individually and on behalf of the Class described below, by their attorneys, make the following allegations based upon information and belief, except as to allegations specifically pertaining to Plaintiffs and their counsel, which are based on personal knowledge. Plaintiffs bring this action for injunctive relief and damages against Defendant, and each of them, demanding a trial by jury.

## JURISDICTIONAL ALLEGATIONS

1. Plaintiff at all times herein mentioned was a resident of the County of Orange, State of California.

2. Defendant LIBERTY BANKERS LIFE INSURANCE COMPANY is, and at all times herein mentioned was, a Oklahoma corporation, headquartered in the State of Texas and doing business in the County of Orange, State of California (hereinafter referred to as "Defendant" and/or "Liberty Bankers").

3. This case is filed pursuant to the Telephone Consumer Protection Act of 1991, 47 U.S.C. §227 et. seq. ("TCPA"). The U.S. Supreme Court recently decided that federals courts have federal question subject matter jurisdiction over such civil actions under 28 U.S.C. §§ 1331 and 1441. *Mims v. Arrow Fin. Services, LLC*, -- U.S. --, 132 S.Ct. 740, 753 (2012).

4. At all times herein mentioned each employee, representative, officer, director, or consultant of any Defendant was acting as its agent.

## NATURE OF THE ACTION

5. Plaintiffs bring this class action against Defendant for injunctive relief and damages and all other relief available at law and in equity on behalf of themselves and members of the following sub-classes of persons:

> *Sub-Class No. 1*
> *All persons and entities located within the United States of America who claim to be able to provide a phone bill or statement showing they were a residential telephone subscriber and that their number was registered on the National Do-Not-Call Registry to whose residential telephone Defendant and/or their agents transmitted two or more telemarketing calls in one calendar year without prior*

*express written consent from the called party or an 'existing business relationship' at any time from March 10, 2019 to the present, including up to and through trial; and,*

*Sub-Class No. 2:*
*All persons and entities located within the United States of America who claim to be able to provide a phone bill or statement showing they had had a phone number subscribed to a residential tariff and who claim Defendant and/or their agents transmitted a call to sell final expense services using a prerecorded voice to said number without prior express written consent from the called party at any time from March 10, 2019 to the present, including up to and through trial;*

*Sub-Class 3.*
*All persons and entities located within the United States of America who claim to be able to provide a phone bill or statement showing they had had a phone number subscribed to a cellular or wireless tariff and who claim Defendant and/or their agents transmitted a call to sell final expense services using a prerecorded voice to said number without prior express written consent from the called party at any time from March 10, 2019 to the present, including up to and through trial*

6. The TCPA was passed in order to regulate telemarketing by prohibiting, *inter alia*, phone calls to numbers on the federal Do Not Call Registry run by the Federal Trade Commission. 47 U.S.C. § 227(b)(1)(B).

7. Liberty Bankers is engaged in a scheme to sell funeral related products and/or services via cold calls to residential phone numbers on the

- 3 -
Complaint

protected federal Do Not Call Registry, which Liberty Bankers calls without prior express written consent.

8. Liberty Bankers is engaged in a scheme to sell funeral related products and/or services via cold calls to residential phone numbers via a prerecorded voice, which Liberty Bankers calls without prior express written consent.

9. Thus, Liberty Bankers is engaging in making illegal telemarketing calls prohibited by the Telephone Consumer Protection Act of 1991 ("TCPA"), which gives victims of junk calls a private right of action to sue for the intrusion on their privacy.

10. The modus operandi is the same for all the calls in this case, Liberty Bankers, either directly or through the use on an agent at the direction of Liberty Bankers calls various numbers in the United States to sell Liberty Bankers 's funeral insurance services without regard to whether those numbers are on the Do Not Call Registry or not, and by using a prerecorded voice message.

11. Liberty Bankers and/or its agents do not check the federal Do Not Call Registry before making these calls nor engage in any Do Not Call Registry compliance.

12. These cold calls are made to massive lists of phone numbers in the United States with no regard for whether these numbers have been registered on the National Do-Not-Call Registry ("DNC") or not.

13. Liberty Bankers has intentionally violated the TCPA in a so-far successful attempt to sell health insurance packages for years.

## FACTUAL DETAILS RE NAMED PLAINTIFF

14. Defendants made four (4) prerecorded calls to PAUL SAPAN's home phone number (310-444-1999) and three (3) PAUL SAPAN's cellular phone

- 4 -
Complaint

number (510-333-7473) wherein they tried to pitch their final expense services on the following dates and times and using the following Caller ID ("CID") numbers and Caller ID name ("CNAM") if available and noted as residential or cell:

- October 22, 2022, 12:33 pm, CID 337-652-3799, CNAM [none](residential)
- October 28, 2022, not noted, CID 404-346-7210, CNAM [none](residential)
- May 31, 2021, 3:50 pm, CID 510-694-4569, CNAM [none](cell)
- July 16, 2021, 10:34 am, CID 510-957-9104, CNAM [none](cell)
- August 2, 2021, 8:11 am, CID 310-443-7446, CNAM [none] (residential)
- August 3, 2021, 12:27 pm, CID 510-331-4778, CNAM [none](cell)
- January 24, 2022, 11:04 am CID 539-244-1765, CNAM [none] (residential)

15. Mr. Sapan made a log of all the calls he received from Liberty Bankers during or shortly after receiving the calls which includes the date and time of the call and the Caller ID information as well as brief notes about what happened during the calls which is attached hereto as Exhibit 1 and incorporated herein as if set forth verbatim.

16. Mr. Sapan's residential line has been tariffed as a residential line since he was assigned it by the phone company and it has been continuously registered on the National "Do-Not-Call" Registry from at least December 22, 2007 to the present.

17. Mr. Sapan's cellular line has been on the "Do-Not-Call" Registry from at least December 22, 2007 to the present.

18. Mr. Sapan never gave any Liberty Bankers or any other person, agent, employee or entity associated with Liberty Bankers express written permission to call him, nor does he have an established business relationship nor personal relationship with Liberty Bankers or any other person, agent, employee or entity associated with Liberty Bankers.

Complaint

19. In a timespan from October 22, 2020 to January 24, 2022, Liberty Bankers transmitted four (4) prerecorded telemarketing calls to Mr. Sapan's residential phone (310-444-1999) and three (3) prerecorded telemarketing calls to Mr. Sapan's residential phone (510-333-7473) to try to sell its services.

20. In the first call on October 22, 2020 the message stated it was from "American Benefits" and after playing along Mr. Sapan was connected directly to a "Jonnah Miller" from Liberty Bankers.

21. The next call on October 28, 2020 also used the name "American Benefits" and Mr. Sapan was once again connect to a "Jonnah Miller" from Liberty Bankers.

22. For the next call on May 31, 2021 the message that Mr. Sapan heard was from a "Sam with BIS Insurance".

23. Mr. Sapan played along and was connected to an "Ethan", then to a "Steve" who offered Mr. Sapan a policy from Liberty Bankers.

24. All of the remaining calls used a prerecorded message stating it was from "Sam with BIS Insurance".

25. Mr. Sapan never gave consent to be called with a prerecorded voice message to "Liberty Bankers" or any agent or employee of "Liberty Bankers".

26. Plaintiff pleads on information and belief that "American Benefits" is a false and faked name, and it is either a name being used by Liberty Bankers directly, or alternatively is a fake name used by an agent hired by Liberty Bankers to make illegal telemarketing calls at the direction and control of Liberty Bankers.

27. Plaintiff pleads on information and belief that "BIS Insurance" is a false and faked name, and it is either a name being used by Liberty Bankers directly, or alternatively is a fake name used by an agent hired by Liberty Bankers to make illegal telemarketing calls at the direction and control of Liberty Bankers.

28. Plaintiff pleads on information and belief that "Senior Care Benefits" is a false and faked name, and it is either a name being used by Liberty Bankers

directly, or alternatively is a fake name used by an agent hired by Liberty Bankers to make illegal telemarketing calls at the direction and control of Liberty Bankers.

29. Plaintiff pleads on information and belief that "Jonnah Miller" whom he spoke with on October 22, 2020 is an employee directly for Liberty Bankers, or in the alternative is an employee of agent of Liberty Bankers making illegal telemarketing calls at the direction and control of Liberty Bankers.

30. Plaintiff pleads on information and belief that "Ethan" whom he spoke with on May 31, 2021 is an employee directly for Liberty Bankers, or in the alternative is an employee of agent of Liberty Bankers making illegal telemarketing calls at the direction and control of Liberty Bankers.

31. Plaintiff pleads on information and belief that "Steve" whom he spoke with on May 31, 2021 is an employee directly for Liberty Bankers, or in the alternative is an employee of agent of Liberty Bankers making illegal telemarketing calls at the direction and control of Liberty Bankers.

32. Plaintiff pleads on information and belief that "Sam" whom he spoke with on July 16, 2021 is an employee directly for Liberty Bankers, or in the alternative is an employee of agent of Liberty Bankers making illegal telemarketing calls at the direction and control of Liberty Bankers.

33. Plaintiff pleads on information and belief that to the extent Liberty Bankers relies on any agent or other entity to make telemarketing calls on its behalf, Liberty Bankers has direct knowledge that such calls are being made to residential numbers and to numbers on the Do Not Call Registry without consent.

34. Plaintiff pleads on information and belief that to the extent Liberty Bankers relies on any agent or other entity to make telemarketing calls on its behalf, Liberty Bankers has direct knowledge that such calls are being made to residential numbers using a prerecorded voice message without consent.

35. Alternatively, Plaintiff pleads on information and belief that to the extent Liberty Bankers relies on any agent or other entity to make telemarketing

calls on its behalf, Liberty Bankers hired that agent to interact with the public on Liberty Bankers's behalf and therefore gave implied authority to represent Liberty Bankers.

36. Alternatively, Plaintiff pleads on information and belief that Liberty Bankers ratified the making telemarketing calls on its behalf by its agents, including "Jonnah Miller", "Steve", "Ethan" and "Sam", by knowing of the illegal conduct and failing to repudiate the conduct.

37. Defendant may have made more violative calls to Plaintiff's residential line that he was unable to log or identify at the time and expressly includes claims for them herein even though the specifics of the dates and times are unknown at this time without the aid of discovery.

## LIABILITY OF LIBERTY BANKERS

38. In the first call received by Mr. Sapan on December 23, 2021 Mr. Sapan was told that he would receive documents via email concerning health insurance services and shortly thereafter received an email that contained information that the services were sold by Liberty Bankers.

39. On the call on December 29, 2022, Mr. Sapan heard a prerecorded voice call that directly said it was coming from Liberty Bankers to sign paperwork.

40. All of the remaining calls after that used the same Caller ID Number as the call on December 29, 2022 so therefore were calls from Liberty Bankers.

41. Plaintiff pleads on information and belief that the officers, managers and employees for Liberty Bankers knew about the illegal telemarketing calls as alleged above and in fact ordered such calls to be made.

42. Mr. Sapan pleads on information that Liberty Bankers or its agents used spoofed CID and/or fake or no CNAM on their initial calls in order to hide their identity as Liberty Bankers knew they were conducting illegal telemarketing.

43. The prerecorded message on the initial call on December 23, 2021 did not identify Liberty Bankers as the entity responsible for the calls.

44. The use of spoofed CID and transmitting no CNAM whatsoever on the calls are both independent violations of the Truth in Caller ID Act of 2009 which amended the TCPA. 47 U.S.C § 227(e).

45. The failure to identify the caller by true name at the beginning of the prerecorded voice message is also an independent violation of the TCPA. 47 C.F.R. § 64.1200(b)(1).

46. Due to Liberty Bankers's complete lack of compliance with the law, Mr. Sapan was forced to interact with agents or employees of Liberty Bankers in order to determine the maker of the calls, which would not have been necessary if Liberty Bankers had been properly complying with the TCPA and other federal laws.

## FINAL LIABILITY ALLEGATIONS

47. Plaintiff pleads on information and belief that to the extent Liberty Bankers uses any agents to make calls, Liberty Bankers has ordered their agent to make the illegal telemarketing calls to residential numbers on the National "Do-Not-Call" Registry for its benefit.

48. Plaintiff pleads on information and belief that to the extent Liberty Bankers uses any agents to make calls, Liberty Bankers has ordered their agent to make the illegal telemarketing calls to residential numbers using prerecorded voice messages for its benefit.

49. Plaintiff pleads on information and belief that to the extent Liberty Bankers uses any agents to make calls, Liberty Bankers knew or reasonably should have known (implied agency), that its agents were was making the illegal calls to residential numbers on the National "Do-Not-Call" Registry.

50. Plaintiff pleads on information and belief that to the extent Liberty Bankers uses any agents to make calls, Liberty Bankers knew or reasonably should have known (implied agency), that its agents were was making the illegal calls to residential numbers using prerecorded voice messages.

51. Plaintiff pleads on information and belief that to the extent Liberty Bankers uses any agents to make calls, Liberty Bankers explicitly condoned the actions of such agents in making the illegal telemarketing calls to residential numbers on the National "Do-Not-Call" Registry for its benefit by condoning their actions afterwards.

52. Plaintiff pleads on information and belief that to the extent Liberty Bankers uses any agents to make calls, Liberty Bankers explicitly condoned the actions of such agents in making the illegal telemarketing calls to residential numbers using a prerecorded voice message for its benefit by condoning their actions afterwards.

53. Plaintiff pleads on information and belief that to the extent Liberty Bankers uses any agents to make calls, Liberty Bankers explicitly hired by such agent in order to make the illegal telemarketing calls to numbers on the National "Do-Not-Call" Registry for the benefit of Liberty Bankers.

54. Plaintiff pleads on information and belief that to the extent Liberty Bankers uses any agents to make calls, Liberty Bankers explicitly hired by such agent in order to make the illegal telemarketing calls to residential numbers using a prerecorded voice message for the benefit of Liberty Bankers.

## ACTUAL HARM & WILFUL AND KNOWING CONDUCT

55. The Telephone Consumer Protection Act of 1991 ("TCPA") was passed in order to regulate telemarketing and requires that no telemarketer may call

any number registered on the National "Do-Not-Call" Registry without prior express consent or a prior established business relationship.

56. Defendant has intentionally violated the TCPA in a so-far successful attempt to sell financial and mortgage related services.

57. Plaintiff has been harmed by the junk calls complained of herein by the direct waste of his time during the call itself, the indirect waste of time in having to break from other important tasks and spend time catching up after the junk call, the waste of telephone service which he and not Defendant must pay for, the costs of having to pursue legal remedies, and in the aggravation and consequent health effects of stress these illegal intrusions have caused.

58. Plaintiff has been harmed by the calls he did not answer by the direct waste of his time in having to check the Caller ID while he was busy in meetings or with other projects before declining the call, the indirect waste of time in having to break from other important tasks and spend time catching up after these junk calls, the waste of telephone service which he and not Defendant must pay for, the costs of having to pursue legal remedies, and in the aggravation and consequent health effects of stress these illegal intrusions have caused.

59. During each of Defendant's calls, Plaintiff wanted to make or receive a call to/from someone else for his own personal or business reasons and was blocked from doing so by the line being tied up by Defendant.

60. As a proximate result of these intrusions, Plaintiff suffered and invasion of his privacy because the call should never have been transmitted to him and rang his private phone at his private residence.

61. Plaintiff alleges on information and belief that Defendant made the calls described above intentionally, in the sense that the number called was the one they meant to call in pitching their services.

62. Plaintiff alleges on information and belief that Defendant made the

calls described above knowing that they were made in contravention of the TCPA and other telemarketing laws and regulations.

## CLASS ACTION ALLEGATIONS

63. **Description of the Class**: Plaintiffs bring this class action against Defendant for injunctive relief and damages and all other relief available at law and in equity on behalf of themselves and members of the following class of persons:

> *Sub-Class No. 1*
>
> *All persons and entities located within the United States of America who claim to be able to provide a phone bill or statement showing they were a residential telephone subscriber and that their number was registered on the National Do-Not-Call Registry to whose residential telephone Defendants and/or their agents transmitted two or more telemarketing calls in one calendar year without prior express written consent from the called party or an 'existing business relationship' at any time from March 10, 2019 to the present, including up to and through trial; and,*
>
> *Sub-Class No. 2:*
> *All persons and entities located within the United States of America who claim to be able to provide a phone bill or statement showing they had had a phone number subscribed to a residential tariff and who claim Defendants and/or their agents transmitted a call to final expense services using a prerecorded voice to said number without prior express written consent from the called party at any time from March 10, 2019 to the present, including up to and through trial;*

> *Sub-Calss 3.*
>
> *All persons and entities located within the United States of America who claim to be able to provide a phone bill or statement showing they had had a phone number subscribed to a cellular or wireless tariff and who claim Defendant and/or their agents transmitted a call to sell final expense services using a prerecorded voice to said number without prior express written consent from the called party at any time from March 10, 2019 to the present, including up to and through trial*

64. Excluded from the Class are governmental entities, Defendant, any entity in which Defendant have a controlling interest, and Defendant' officers, directors, affiliates, legal representatives, employees, co-conspirators, successors, subsidiaries, and assigns. Also excluded from the Class is any judge, justice, or judicial officer presiding over this matter and the members of their immediate families and judicial staff.

65. Plaintiff reserves the right to modify the Class description and the Class period based on the results of discovery.

66. **Numerosity**: The proposed Class is so numerous that individual joinder of all its members is impracticable. Due to the nature of the evidence of the number of calls made by Defendant, Plaintiffs believe that the total number of Class members is at least in the tens of thousands and members and the members are geographically dispersed across California and the United States. While the exact number and identities of the Class members are unknown at this time, such information can be ascertained through appropriate investigation and discovery, namely through Defendant' call records. The disposition of the claims of the Class members in a single class action will provide substantial benefits to all parties and to the Court.

67. **Common Questions of Law and Fact Predominate**: There are many questions of law and fact common to the representative Plaintiff and the Class, and those questions substantially predominate over any questions that may affect individual Class members. Common questions of fact and law include, but are not limited to, the following:

    a. Whether Defendant transmitted two or more sales calls in any one calendar year to numbers on the National "Do-Not-Call" Registry.

    b. Whether Defendant transmitted these calls without prior express consent from the owners of those lines or a business relationship with them established before the calls were made.

    c. Whether the transmission of these calls was done willfully or knowingly by Defendant.

    d. Whether agency relationships giving rise to TCPA liability exist amongst and between Defendant and its agents.

68. **Typicality**: Plaintiff's claims are typical of the claims of the members of the Class. Plaintiff and all members of the Class have been similarly affected by Defendant's common course of conduct since Defendant has repeatedly called the Class to sell their financial products.

69. **Adequacy of Representation**: Plaintiff will fairly and adequately represent and protect the interests of the Class. Plaintiff has retained counsel with experience in handling complex litigation who has been previously certified as class counsel. Plaintiff and class counsel are committed to vigorously prosecuting this action on behalf of the Class and have the financial resources to do so. Neither Plaintiff nor class counsel have any interests adverse to those of the Class.

70. **Superiority of a Class Action**: Plaintiff and the members of the Class suffered, and will continue to suffer, intangible and tangible harm as a result of Defendant's unlawful and wrongful conduct. A class action is superior to other available methods for the fair and efficient adjudication of the present controversy.

Individual joinder of all members of the class is impractical. Even if individual class members had the resources to pursue individual litigation, it would be unduly burdensome to the courts in which the individual litigation would proceed. Individual litigation magnifies the delay and expense to all parties in the court system of resolving the controversies engendered by Defendant's common course of conduct. The class action device allows a single court to provide the benefits of unitary adjudication, judicial economy, and the fair and efficient handling of all class members' claims in a single forum. The conduct of this action as a class action conserves the resources of the parties and of the judicial system and protects the rights of the class member. Furthermore, for many, if not most, a class action is the only feasible mechanism that allows therein an opportunity for legal redress and justice

71. Adjudication of individual class member's claims with respect to Defendant would, as a practical matter, be dispositive of the interests of other members not parties to the adjudication and could substantially impair or impede the ability of other class members to protect their interests.

## CAUSES OF ACTION
### FIRST CAUSE OF ACTION: TCPA VIOLATION
### CALL TO NUMBER ON THE NATIONAL "DO-NOT-CALL" REGISTRY
**(On Behalf of the Plaintiff Class)**

72. Plaintiff realleges all paragraphs above and incorporates them herein by reference.

73. Plaintiff is bringing this action pursuant to the provisions of the Telephone Consumer Protection Act of 1991 (47 U.S.C. §227 and 47 C.F.R. §64.1200 – "TCPA").

74. Subdivision (c) (2) of Section 64.1200 of Title 47 of the Code of Federal Regulations makes it unlawful for any person to "initiate any telephone

solicitation" to "A residential telephone subscriber who has registered his or her telephone number on the national do-not-call registry of persons who do not wish to receive telephone solicitations."

75. At all times relevant to this complaint, Plaintiff had registered his residential telephone number on the national do-not-call registry maintained by the U.S. Government.

76. Defendant has called Plaintiff's residential telephone line for solicitation purposes at least twice during a calendar year during the statutory period of the last 4 years, pursuant to 28 U.S.C. § 1658. These calls are the only calls known to Plaintiff at this time and Plaintiff states on information and belief, without yet having the aid of full discovery, that it is quite likely that Defendant has made many more violative calls to Plaintiff's residential telephone line. These calls were not made in error, nor did Defendant have express permission from Plaintiff to call, nor did Defendant have a personal relationship with Plaintiff. 37 C.F.R. § 64.1200 (c) (i), (ii), & (iii).

77. Subdivision (c)(5) of section 227 of title 47 of the United States Code permits a private right of action in state court for violations the National "Do-Not-Call" Registry rules promulgated thereunder. Plaintiff may obtain relief in the form of injunctive relief or Plaintiff may recover up to $500.00 for each violation, or both. If the court finds that Defendant's violations were willful or knowing, it may, in its discretion, award up to three times that amount.

### SECOND CAUSE OF ACTION: TCPA VIOLATION PRERECORDED TELESOLICITATION TO A RESIDENTIAL NUMBER
#### (On Behalf of the Plaintiff Class)

78. Plaintiffs realleges all paragraphs above and incorporates them herein by reference.

- 16 -

Complaint

79. Plaintiffs are bringing this action pursuant to the provisions of the Telephone Consumer Protection Act of 1991 (47 U.S.C. §227 and 47 C.F.R. §64.1200 – "TCPA").

80. Subdivision (b) (1) (B) of Section 227 of Title 47 of the United States Code makes it unlawful for any person to "initiate any telephone call to any residential telephone line using an artificial or prerecorded voice to deliver a message without the prior express consent of the called party, unless the call is initiated for emergency purposes or is exempted by rule or order of the Commission under paragraph (2) (B);"

81. Defendant has called Plaintiffs residential telephone lines, using an artificial or prerecorded voice to deliver a message, without Plaintiffs' express permission during the statutory period of the last 4 years, pursuant to 28 U.S.C. § 1658. These calls are the only calls known to Plaintiffs at this time and Plaintiffs state on information and belief, without yet having the aid of full discovery, that it is quite likely that Defendant has made many more violative calls to Plaintiffs' residential telephone line. These calls were not made for any emergency purpose, nor were these calls exempt under subdivisions (a) and/or (c) of section 64.1200 of title 47 of the Code of Federal Regulations.

82. Subdivision (b)(3) of section 227 of title 47 of the United States Code permits a private right of action in state court for violations of 47 U.S.C. §227 (b)(1) (B). Plaintiffs may obtain relief in the form of injunctive relief, or Plaintiffs may recover $500.00 for each violation, or both. If the court finds that Defendants' violations were willful or knowing, it may, in its discretion, award up to three times that amount.

///

///

///

Complaint

# THIRD CAUSE OF ACTION: TCPA VIOLATION
## PRERECORDED CALL TO WIRELESS NUMBERS
(On Behalf of the Plaintiff Class)

83. Plaintiffs reallege all paragraphs above and incorporates them herein by reference.

84. Plaintiffs are bringing this action pursuant to the provisions of the Telephone Consumer Protection Act of 1991 (47 U.S.C. §227 and 47 C.F.R. §64.1200 – "TCPA").

85. Subdivision (b) (1) (A) (iii) of Section 227 of Title 47 of the United States Code makes it unlawful for any person to "Make any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using any automatic telephone dialing system or an artificial or prerecorded voice...to any telephone number assigned to a paging service, specialized mobile radio service, or other radio common carrier service, or any service for which the called party is charged for the call.".

86. Plaintiffs allege on information and belief that Defendants use devices and software to make prerecorded calls.

87. Defendants have been calling Plaintiffs' numbers assigned to a wireless service, using an artificial or prerecorded voice, without Plaintiff's express permission during the statutory period of the last 4 years, pursuant to 28 U.S.C. § 1658. These calls are the only calls known to Plaintiffs at this time and Plaintiffs state on information and belief, without yet having the aid of full discovery, that it is quite likely that Defendant has made many more violative calls to Plaintiffs' residential telephone line. These calls were not made for any emergency purpose, nor were these calls exempt under subdivisions (a) and/or (c) of section 64.1200 of title 47 of the Code of Federal Regulations.

88. Subdivision (b)(3) of section 227 of title 47 of the United States Code permits a private right of action in state court for violations of 47 U.S.C. §227 (b) (1) (A) (iii). Plaintiffs may recover injunctive relief as well as actual damages or

$500.00 per violation, whichever is greater.  If the court finds that defendants' violations were willful or knowing, it may, in its discretion, award up to three times that amount.

WHEREFORE Plaintiffs pray for judgment against Defendant, and each of them, as follows:

On the FIRST CAUSE OF ACTION:

1. For an award of $500.00 for each violation of 47 U.S.C. § 227(c)(2);
2. For an award of $1,500.00 for each such violation found to have been willful;

On the SECOND CAUSE OF ACTION

3. For an award of $500.00 for each violation of 47 U.S.C. § 227(b)(1)(B);
4. For an award of $1,500.00 for each such violation found to have been willful;

On the THIRD CAUSE OF ACTION

5. For an award of $500.00 for each violation of 47 U.S.C. § 22747 U.S.C. § 227(b)(1)(A)(iii);
6. For an award of $1,500.00 for each such violation found to have been willful;

On ALL CAUSES OF ACTION:

7. For attorney's fees pursuant to all applicable federal and state statutes;
8. For costs of suit herein incurred
9. For injunctive relief pursuant to 47 U.S.C. 227; and
10. For such further relief as the Court deems proper.

DATED: 03/10/2023                                   **PRATO & REICHMAN, APC**

                                                        __/s/ Justin Prato Esq._____
                                                        By: Justin Prato Esq..
                                                        **Prato & Reichman, APC**
                                                        Attorneys for Plaintiff

Complaint